IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 6, 2010

# LORENZO JOHNSON v. CORRECTIONS CORPORATION
# OF AMERICA, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9605     J. Weber McCraw, Judge**

**No. W2009-02162-COA-R3-CV - Filed May 10, 2010**

This is an appeal in a civil rights action filed by the Appellant, a pro se litigant. During the course of the proceedings, the Appellant was incarcerated. The trial court involuntarily dismissed the Appellant's claim pursuant to Tennessee Rule of Civil Procedure 41.02 upon finding that the Appellant failed to prosecute his case. The Appellant appeals the dismissal. Finding that the trial court failed to rule on several of the Appellant's motions and objections, we reverse the trial court's dismissal and remand for further proceedings.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and**
**Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Lorenzo Johnson, Waupun, Wisconsin, pro se.

Melissa K. Van Pelt, John A. York, James I. Pentecost, Jackson, Tennessee, for the appellees, Corrections Corporation of America.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(continued...)

Appellant, Lorenzo Johnson ("Mr. Johnson"), filed a complaint against Appellee, Prison Reality Trust Inc./Correctional Corporation of America and Whiteville Correctional Facility and Agents Thereof (collectively "Defendants") in the Hardeman County Circuit Court on April 15, 2003. In his complaint, Mr. Johnson alleged that the Defendants violated his civil rights by failing to keep him secure and safe from a fellow inmate who was a "direct threat to [Mr. Johnson's] health, safety and well being". Also, on April 15, 2003, Mr. Johnson filed an Affidavit of Indigency and a Pauper's Oath. At the time of these filings, Mr. Johnson was incarcerated in the Whiteville Correctional Facility.[2]

On September 8, 2003, Mr. Johnson filed "A Rebuttle Brief of Facts" in response to the Defendants' Answer.[3] Mr. Johnson then filed a motion for an extension of time to respond to Defendants' interrogatories on June 8, 2004. The Defendants filed a response to this motion on June 18, 2004, stating that they had no objection to the motion. On June 24, 2004, Mr. Johnson filed his answers to the Defendants' interrogatories and requests for production of documents.

Mr. Johnson filed his request for production of documents and interrogatories to the Defendants on October 7, 2004. Also, on October 7, 2004, Mr. Johnson filed a motion requesting that he be allowed to file late responses to the Defendants' interrogatories in order to correct and complete his previously filed answers. Mr. Johnson filed another request for production of documents by the Defendants on July 12, 2005. Also on this day, Mr. Johnson filed a notice that he was filing a second set of requests for production of documents. In this notice, he requests that the trial court provide him with a copy of the Tennessee Rules of Civil Procedure, and to resend the Defendants' responses to his interrogatories. On September 19, 2005, Mr. Johnson filed an objection to the Defendants' answers to his interrogatories.[4] Also, on September 19, 2005, Mr. Johnson filed a motion to compel, requesting that the trial court enter an order compelling the Defendants to provide the materials requested in his request for production of documents. Mr. Johnson filed a second motion on September 19, 2005, requesting that the trial court order the court clerk to provide him with copies of the documents submitted by the Defendants and Mr. Johnson sent $5.00 for the cost of the copies. Mr. Johnson contended in this motion that the mail room at his

---

[1](...continued)

[2]At some point during these proceedings, Mr. Johnson was moved to a correctional facility in Wisconsin.

[3]The Defendants' Answer does not appear in the Appellate record.

[4]The record does not contain a copy of the Defendants' responses.

correctional facility "negligently lost" previously sent copies. Mr. Johnson filed another objection to the Defendants' answers to interrogatories and a motion to compel on November 18, 2005. These raise the same arguments and make the same requests that Mr. Johnson presented in his objection and motions filed on September 19, 2005. There are no orders in the record indicating that the trial court ruled on these motions and objections.

Mr. Johnson filed a motion for change of venue on September 1, 2006. From the appellate record it appears that no further action in this case occurred until July 17, 2009, when the Defendants filed a Motion to Dismiss for Failure to Prosecute. Mr. Johnson filed a response to the Defendants' motion to dismiss on August 13, 2009. In his response, Mr. Johnson contended that he had "diligently pursued this action...." He explained that he had filed a motion for change of venue in September 2006 and when he requested a decision on his motion, he had been informed by the clerk of the court to make all future filings in the State of Wisconsin, as that is where he now resided. Mr. Johnson stated that based on this letter, he then re-filed his action in Wisconsin, but the action was dismissed. Mr. Johnson also indicated that he sent a letter to the United States District Court for the Western District of Tennessee requesting assistance in this case. In his response, Mr. Johnson requests that the Defendants' motion to dismiss be denied and a scheduling order be entered. He attached to his response a copy of the letter from the court clerk instructing him to make all future filings in Wisconsin, a copy of his complaint filed in Wisconsin, and a copy of his letter to the United States District Court for the Western District of Tennessee. On September 8, 2009, Mr. Johnson, because he was not going to be allowed to attend the hearing by telephone, filed a letter with the Court containing further argument against the Defendants' motion to dismiss. In his letter, Mr. Johnson again asserted that the trial court never ruled on his motion to change venue, and argued that it would be an abuse of discretion to dismiss his complaint without ruling on his motion.

A hearing was held on September 8, 2009, on the Defendants' Motion to Dismiss for Failure to Prosecute. The trial court entered an order on September 15, 2009 granting the Defendants' motion and dismissing Mr. Johnson's claim. The trial court found that in September 2006 Mr. Johnson filed a motion to transfer venue, and that since then no further action had been taken. Finding that no action had been taken in almost three years, the trial court dismissed the case.

Mr. Johnson timely filed a notice of appeal on October 13, 2009 raising one issue for our review: whether the trial court abused its discretion when it dismissed his appeal for failure to prosecute.

Rule 41.02 of the Tennessee Rules of Civil Procedure allows a trial court to dismiss an action based upon the plaintiff's failure to prosecute. The purpose of this rule is to allow

the trial court "to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment." *Osagie v. Peakload*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). The decision to dismiss a claim for failure to prosecute rests within the sound discretion of the trial court. *Id.* This Court will not overturn that decision absent an abuse of discretion. *Id.* A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

As this Court has previously stated:

> Appellate courts frequently have been confronted with cases in which the trial courts have disposed of claims either filed by or asserted against self-represented prisoners without first addressing the prisoner's pending motions. No matter whether the prisoner is the plaintiff or the defendant, reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions. These oversights have generally been found to be prejudicial rather than harmless because the failure to address pending motions "gives the impression that a litigant is being ignored," *Logan v. Winstead*, 23 S.W.3d [297,] 303 [(Tenn. 2000)]. We have also held that a prisoner's failure to comply with local rules requiring motions to be set for hearing does not provide a trial court with an excuse for failing to address the pending motions. *Chastain v. Chastain*, [No. M2003-02016-COA-R3-CV, 2004 WL 725277, *2 (Tenn. Ct. App. March 22, 2004)]. Accordingly, when a trial court has failed to rule on an incarcerated litigant's pending motions, reviewing courts have consistently vacated the judgment and remanded the case to the trial court with directions to consider and act on the pending motions.

*Bell v. Todd*, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005)(footnote omitted). Thus, the trial court errs when it fails to rule on a prisoner's pending motions. *See, e.g., Logan v. Winstead,* 23 S.W.3d at 303 (vacating a summary judgment dismissing a prisoner's legal malpractice claim because the trial court had not considered or acted upon the prisoner's motion to hold the case in abeyance); *Vermillion v. Vermillion*, No. E2001-00241-COA-R3-CV, 2002 WL 5496, at *2 (Tenn. Ct. App. Jan. 2, 2002)(vacating a divorce decree against a prisoner because the trial court had not ruled on his motion to stay the proceeding pending his

release); ***State ex rel. Warren v. Ferguson***, No. W2000-02027-COA-R3-CV, 2001WL 987162, at *4 (Tenn. Ct. App. Aug. 20, 2001)(vacating a default judgment against a prisoner because the trial court had not ruled on pending pre-trial motions, including a discovery motion, a motion to be permitted to testify, and a motion to hold the case in abeyance); ***Thompson v. Hammond,*** No. 02A01-9808-CV-00221, 1999 WL 188292, at *5-6 (Tenn. Ct. App. Apr. 6, 1999)(reversing a summary judgment dismissing a prisoner's complaint because the trial court had failed to act on the prisoner's motion to compel discovery).

Upon our review of the record, we find that the trial court failed to rule on several motions and objections made by Mr. Johnson. Therefore, this Court finds that the trial court abused its discretion in summarily dismissing Mr. Johnson's case for failure to prosecute without ruling on Mr. Johnson's pending motions. Accordingly, the trial court's decision to dismiss Mr. Johnson's action is reversed and this case is remanded to the trial court for further action in accordance with this opinion.

Costs of this appeal are assessed against the Appellees, Corrections Corporation of America, et al, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE